OPINION AND JUDGMENT ENTRY
This is an appeal brought by the state of Ohio from a judgment of the Fulton County Court of Common Pleas which granted defendant-appellee, Randy S. Schang's, motion inlimine and motion to preclude expert testimony.
Initially, we note that Schang did not file an appellate brief in this matter. Rather, on March 15, 1999, the day this court heard the state's argument on the appeal, Schang filed a "MOTION FOR AFFIRMATION OF TRIAL COURT DECISION." The Rules of Appellate Procedure do not provide for such motions and we find the motion not well-taken and denied.
We will now address the state's appeal, which raises the following assignments of error:
 "I. THE TRIAL COURT ABUSED ITS DISCRETION IN SUPPRESSING APPELLEE'S BLOOD ALCOHOL TEST RESULTS SINCE THE DEPARTMENT OF HEALTH REGULATIONS DO NOT APPLY TO AGGRAVATED VEHICULAR ASSAULT CASES AND TO VIOLATIONS UNDER R.C. 4511.19(A)(1).
 "II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE STATE HAS NOT SHOWN SUBSTANTIAL COMPLIANCE WITH THE OHIO DEPARTMENT OF HEALTH REGULATIONS.
 "III. THE TRIAL COURT ERRED IN FINDING THAT APPELLEE HAD BEEN PREJUDICED BY HIS INABILITY TO CONDUCT AN INDEPENDENT TEST OF HIS BLOOD SAMPLE.
 "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT ALLOWING THE STATE TO COMPLETE THE PRESENTATION OF ITS CASE."
On May 24, 1997, Randy Schang was in an automobile accident which was caused when he ran into the back end of a tractor. Schang was then taken to the Fulton County Health Center for medical treatment. As part of that treatment, blood was extracted from Schang and tested for blood alcohol content. While Schang was still at the Fulton County Health Center, Trooper Timothy Coll arrived and questioned Schang about the accident. After Schang refused to voluntarily provide Trooper Coll with a blood sample, Coll completed the necessary form to obtain Schang's alcohol and drug results from his medical evaluation. Those results revealed that Schang's blood alcohol content was above the legal limit.
Subsequently, Schang was charged with aggravated vehicular assault in violation of R.C. 2903.08(A), driving under the influence in violation of R.C. 4511.19(A)(1), and driving with a blood alcohol content in excess of the legal limit in violation of R.C. 4511.19(A)(2). Schang pled not guilty and filed a motionin limine to prevent the state from admitting his blood alcohol content test results into evidence. Specifically, Schang argued that the test was not conducted in conformity with the Ohio Department of Health ("ODOH") regulations, and as such was inadmissible.
On October 22, 1998, the trial court held a hearing on Schang's motion in limine at which employees of the Fulton County Health Center testified. At the conclusion of the hearing, the court continued the matter to allow the state to obtain additional witnesses, including experts. Thereafter, Schang moved for an order precluding the state from presenting expert testimony on the issue of the testing of his blood at the Fulton County Health Center. On November 12, 1998, the trial court filed an entry granting both of Schang's motions. As to the motion in limine, the court held that because the procedures employed by the Fulton County Health Center in testing the alcohol content of Schang's blood were not in compliance with the applicable ODOH regulations, the test results must be suppressed. Accordingly, the court further found that expert testimony on the issue of substantial compliance was unnecessary. It is from that judgment that the state now appeals.
The first, second and third assignments of error will be addressed together. Collectively, those assignments of error challenge the trial court's ruling on Schang's motion in limine. Based on this court's recent decision in State v. Rains (Jan. 29, 1999), Fulton App. No. F-98-016, unreported, we find those assignments of error not well taken. In Rains, we addressed the identical issues raised by appellant herein. In Rains, the defendant moved to suppress the blood alcohol test results obtained by the Fulton County Health Center. The trial court granted the motion to suppress, finding that the health center's conscious disregard for the ODOH regulations concerning certification of personnel, calibration of equipment, and retention of samples went beyond the pale of substantial compliance and created a problem concerning the competency of the evidence. On review, we concluded that, while a number of the health center's deviations from the ODOH regulations fell within the range of substantial compliance, the health center's failure to maintain the defendant's blood sample for one year, as required by Ohio Adm. Code 3701-53-06(A), and the health center's failure to retain the calibration solution for subsequent verification, as required by Ohio Adm. Code 3701-53-04, amounted to a violation of the defendant's constitutional right to due process.
In the present case, the same facility, the Fulton County Health Center, is at issue. At the hearing on the motion to suppress, testimony was presented that the health center did not comply with numerous requirements of the ODOH. Specifically, although there was no testimony regarding when calibration solutions are discarded, all three employees of the health center testified that the center discards blood samples after seven days and the pathologist who collected appellant's blood sample testified that it was discarded consistent with that policy. Based on our ruling in Rains, we conclude that because the admission of the blood alcohol test result would have violated Schang's right to due process, the trial court properly suppressed it with regard to all three charges.
The first, second and third assignments of error are not well-taken.
In its fourth assignment of error, the state contends that the trial court abused its discretion in granting Schang's motion to preclude the testimony of expert witnesses. At the conclusion of the motion to suppress hearing below, the court continued the matter to allow the state to call expert witnesses on the issue of whether the Fulton County Health Center's procedures in testing for blood alcohol content were in substantial compliance with the requirements of the ODOH. Then, based on its ruling on the motion in limine, the court determined that those witnesses would be unnecessary. We agree. Because the health center's failure to maintain Schang's blood sample for one year violated his right to due process, whether the health center was in substantial compliance with the ODOH regulations is immaterial. Accordingly, the trial court did not err in precluding expert testimony, and the fourth assignment of error is not well-taken.
On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Richard W. Knepper, J.
 Mark L. Pietrykowski, J.
CONCUR.